THE UNITED NEW JERSEY RAILROAD AND CANAL COM-
PANY et al.

*v.*

FRANCIS LEWIS et al.

[Decided November 10th, 1904.]

A city and a railroad company entered into a contract, under which the company was authorized to elevate its tracks and make changes in the grades of certain streets, the damages resulting from such changes to be paid by the city.—*Held,* that a suit at law against the railroad company, by an owner of land abutting on the street, the grade of which had been changed, for damages resulting from such change, where the act complained of was done by the railroad company without an ordinance permitting such change of grade, will not be restrained merely because the city had contracted to assume all liability for damages resulting from the changing of the grades of streets.

On demurrer to bill.

*Mr. George T. Parrot* and *Mr. Joseph Cross,* for the defendants.

*Mr. Alan H. Strong,* for the complainants.

BERGEN, V. C.

The defendants Lewis and his wife, Elizabeth, being the owners of a tract of land on Mary street, in the city of Elizabeth, have instituted a suit in the supreme court of this state against the complainants to recover damages which they have suffered through the unlawful acts of the complainants in changing the grade of Mary street along their property.

The bill of complaint in this cause prays that Lewis and his wife be enjoined from the further prosecution of their suit, and that it may be decreed that the changes in the grade of the street were lawfully made, and that the city of Elizabeth, one of the

defendants, may be compelled to pass a proper ordinance validating and confirming such changes in grade; that it may also be decreed that the complainants are not liable to the landowners for any damages they may have suffered by reason of the alteration of the grade of the street, and if they are entitled to any, that the city of Elizabeth be decreed to make satisfaction therefor.

To this bill the defendants Lewis and wife have interposed a demurrer, upon which argument was had, and the sufficiency of which we are now called upon to determine.

The facts stated in the bill of complaint, which must be taken to be true where properly pleaded, in disposing of this demurrer, are as follows: that for the purpose of elevating their tracks through the city of Elizabeth, an agreement was entered into on December 24th, 1890, between the complainants and said city, by the terms of which the complainants were authorized to elevate their tracks and make changes in the grades, lines and location of certain streets in the city, the contract establishing the character of the change to be made in each instance, Mary street being one of the streets provided for in this contract; that the contract contained the following covenant: "(33) The said city hereby assumes all legal liability, if any, for damages for changes of street grades and vacations of streets, as provided in this agreement." It was further stipulated that each party to the contract should forthwith proceed to perform any of the acts therein required to be done by each party, respectively, and upon refusal or neglect to do any act or take any proceeding therein required of either party to accomplish the object contemplated by the contract, appropriate action to compel specific performance might be taken by either party, in addition to the enforcement of any legal claim for damages. That the complainants carried out the contract in good faith, making all the changes required by the contract at their own expense; that no complaint was made by the defendants while the work was going on, nor did they question the legality of the acts of the complainants in changing the grade of Mary street; that the complainants depressed Mary street and completed the work in good faith and in entire reliance upon the assumption by the city of all legal

liability for damages for changes of street grades, and in the belief that the city would observe all formalities and pass all ordinances to legalize the said changes; that after suit was brought by the defendants to recover the damages they had suffered by reason of the change of grade, the complainants notified the city of Elizabeth of the pendency thereof, and requested the city to assist in the defence of said action; that upon receipt of such notice, the city of Elizabeth notified the complainants that it would disclaim all liability for any damages recovered in that suit; that no ordinance was ever passed by the city of Elizabeth authorizing the depression of Mary street, and that, without such ordinance, the complainants, in changing the grade of Mary street, were trespassers on the Lewis property and liable in an action at law for the damages they had sustained thereby; that it was within the power of the city, by passing a proper ordinance, to have made the change of grade legal, thereby protecting the complainants from all liability in making such change of grade, as they did the same as agents of the city.

Upon the foregoing statements the complainants insist that, while under the law the acts which they committed amounted to a trespass, which they cannot justify in a court of law, because they changed the grade and depressed the surface of Mary street, in the absence of any ordinance or effective municipal action in the premises, they are entitled to equitable relief, because, by the terms of their contract with the city, that municipality was bound to pass a proper ordinance under which they could justify at law, and having contracted to do so, ought now to be required to specifically perform its contract and take the required steps to effectuate it. They further insist that if the ordinance be now passed, the defendants will be entitled to a writ of *mandamus* compelling the city officers to take the proper proceeding to have their damages ascertained and paid by the city, and as the city has contracted to indemnify them against damages of this character, the equitable result will be reached of placing all parties where they would have been had the city done what it agreed to do, and that it is contrary to good conscience to permit these defendants to compel the complainants to pay damages

against which they are indemnified by the city because the city has neglected its duty.

The court of errors and appeals, in *Clark* v. *Elizabeth, 61 N. J. Law (32 Vr.) 565,* having a contract somewhat similar to this under consideration, held that the contract did not operate *ex proprio vigore* to affect a change in the grade of the streets, and that official action was necessary, which could only be taken by ordinance, without which the changing of the grades of streets was illegal. As in the case we are now considering there was no ordinance, it follows that the acts of the complainants in changing the grade of Mary street were unlawful, and that they were trespassers so far as these defendants are concerned.

Without considering the question whether a court of equity will compel a municipal body to exercise its discretion, and pass an ordinance because it has contracted to do so, upon the ground that a party is entitled to the specific performance of a contract, when the work the ordinance was supposed to be necessary to aid has been fully completed, and it can only have a retroactive effect, the propriety of which I doubt but about which I express no opinion, it is sufficient to say that in my judgment this contract contains no such covenant.

One of the sections of the contract contains a stipulation that as to certain streets, of which Mary street is not one, the city will use its power of condemnation, if required, to acquire land for the improvement of those streets, but nowhere in this agreement is there a covenant by the city agreeing to change by ordinance the grade of Mary street.

It is insisted by the complainants that if there be no express stipulation to adopt an ordinance, such an agreement is to be inferred from a covenant which reads as follows: "That each party to this contract shall forthwith proceed to perform the acts, and all the acts *herein* required to be done, by each party, respectively." But, manifestly, *"the acts herein required"* cannot be made to include an act not mentioned in the contract.

I am quite satisfied that this contract was entered into under the notion that the act of May 7th, 1889, did not apply to the city of Elizabeth, and that as the act of 1858 (*3 Gen. Stat. p. 2820 §§ 70–75*) was not operative in Elizabeth, the city might

change street grades without liability to the landowner, and therefore no ordinance was required. The result in the *Clark Case* dispelled this illusion. Nevertheless, the complainants are chargeable with knowledge of the law, and knew that they were contracting to change the grade of the streets in Elizabeth, which they could not lawfully do without an ordinance, and yet with this knowledge neglected to so frame their contract as to provide for an ordinance before their agreements therein became effective.

In my judgment, the bill of complaint does not present any equitable features as against the defendants Lewis and wife. Their property has been injured—at least we must so consider it on this argument—by the complainants, who have confessedly committed an unlawful act, and it is sought to restrain them in the enforcement of a legal remedy because by a contract between the wrong-doer and his alleged principal that principal has agreed to indemnify the *tort feasor* against any damages he may be required to pay to an injured third party, a stranger to the contract. What relation may exist between the complainants and the city as to the right of the complainant to be reimbursed damages imposed for the doing of an unlawful act, even if done under a contract, does not concern these demurrants. The proper forum for the ascertainment of their damages is a court of law, where the assistance of a jury may be had in fixing damages now unliquidated. If settled adversely to the complainants, they may call upon the city to respond, so far as their contract requires them to. It is very clear that at the outset the complainants and the city supposed they could inflict this injury against the protest of the defendants Lewis and wife, and that they were without remedy either against the city or the complainants. In this they were mistaken, and the complainants now ask that these defendants subject their rights to a contest between complainants and the city for the purpose of ascertaining who is primarily liable. The statement of the proposition does not present an equitable case.

There being no equities shown in the bill of complaint against the demurrants, the demurrer should be sustained, and I will so advise.